# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RIO GRANDE BEHAVIORAL HEALTH
SERVICES, INC.,

    Plaintiff,

v.                No. CIV 02-00077 BB/LCS

TEAMBUILDERS COUNSELING
SERVICES, INC., ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

  THIS MATTER comes before the Court on Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(1). (Doc. 10). Having reviewed the submissions of the parties and the relevant law, the Court finds that Plaintiff has failed to state a valid RICO claim against any of the defendants in its original complaint. The RICO count against Defendant Teambuilders Counseling Services, Inc. is dismissed with prejudice. Plaintiff is granted leave to amend its complaint against the remaining defendants, subject to the condition that if it fails to submit an amended complaint stating a valid RICO claim within 30 days of this order, the case will be dismissed.

  Plaintiff's complaint raises state law claims of breach of contract, fraud, and conspiracy to defraud. The complaint also alleges a violation of the federal RICO statute, 18 U.S.C. § 1961 *et seq.*, predicated on acts of mail fraud in violation of 18 U.S.C. Section 1341. Federal jurisdiction in this case is based solely on the Civil RICO claim. (Compl. ¶ 6). Therefore, Defendants' motion to dismiss that claim, if granted, will leave this Court without jurisdiction over the case.

Plaintiff's RICO claim is deficient in several areas, any one of which would sustain a dismissal. This opinion addresses all of the deficiencies, in order to appraise Plaintiff as to the hurdles it faces. Judicial efficiency is not served by this Court entertaining a series of amended complaints, each remedying one objection, only to fail on the next.

**Summary of Case**

Plaintiff Rio Grande Behavioral Health Services (RGBH) alleges that Defendant Teambuilders and its officers and directors perpetrated mail fraud on RGBH through the submission of various false documents while the parties were in a contractual relationship. These documents relate to Teambuilders' delivery of a mental health service known as "Behavioral Management Skills Development Services" (BMS) to Medicaid recipients in Curry and Roosevelt Counties. In providing BMS services, Teambuilders acted as a subcontractor to RGBH.

The complaint states that the Children, Youth & Families Department (CYFD), the state agency regulating these services, requires BMS to be provided with a 1:1 staffing ratio. (Comp. ¶ 13).[1] RGBH alleges that this staffing requirement was incorporated into two contracts between the parties: a "Facility Agreement" effective June 1, 1998, and a "Sub-Capitated Reimbursement Agreement" effective July 1, 1998 through June 30, 2000. (Compl. ¶¶ 10 - 13). RGBH then alleges that Teambuilders delivered BMS services under these contracts at a patient to staff ratio greater than 1:1. (Compl. ¶¶ 18 - 20).

---

[1]On March 29, 2002, CYFD published administrative regulations stating the 1:1 staffing ratio requirement for BMS. N.M. Admin Code 7 § 20.11.7 L (March 2002). These regulations may be found at http://www.state.nm.us/cyfd/serv_contract/72011nmac.pdf.

RGBH claims that it was injured by the mailed submission of fee-for-service claims for BMS services not provided in accordance with the contract during the month of June 1998, and further that these fee-for-service claims induced RGBH to pay Teambuilders a higher capitation rate during the July 1998 through June 2000 contract period. (Compl. ¶¶ 14 - 17). RGBH also alleges it was indirectly injured when Teambuilders submitted fraudulent BMS claims to third-party Health Maintenance Organizations (HMOs) in the period beginning July 2000, thereby causing RGBH to receive lower risk-sharing payments. (Compl. ¶¶ 35 -37).

RGBH alleges the conduct of these acts by the corporate defendant Teambuilders. The individual defendants, who are officers and directors of Teambuilders, are linked to the acts by Plaintiff's claim that they "ratified and/or directed" the acts of the corporate defendant. (Compl. ¶ 41).

**Discussion**

In reviewing the motion to dismiss, this Court must accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to Plaintiff. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1118 (10th Cir. 1997). However, it is particularly important that the plaintiff meet all the pleading requirements for RICO when the RICO claim serves as the only basis for federal jurisdiction. *Cayman Exploration Corp. v. United Gas Pipeline Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989).

A civil RICO action arises when the plaintiff has been injured in its business or its property by a violation of 18 U.S.C. Section 1962. 18 U.S.C. § 1964(c). The Court presumes that

Plaintiff relies on an alleged violation of Section 1962(c),[2] which makes it unlawful for "any person employed by or associated with any enterprise. . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . ." Thus, the elements of a civil RICO Section 1962(c) case are: (1) a predicate racketeering activity (2) conducted so as to constitute a pattern of racketeering activity (3) by a RICO person employed by or associated with (4) a RICO enterprise that is also engaged in the pattern of racketeering activity. To survive a motion for dismissal, a civil RICO claim must allege these elements. *Brannon v. Boatmen's First Nat'l Bank of Okla.*, 153 F.3d 1144, 1146, 1150 (10th Cir. 1998).

**A.     The Predicate Acts**

Plaintiff's RICO complaint is based on allegations of mail fraud, 18 U.S.C. § 1341 (Compl. ¶¶ 39-40), which is an identified predicate racketeering activity for RICO. 18 U.S.C. § 1961(1)(B). RGBH has alleged acts of mail fraud by Teambuilders under three distinguishable theories: (1) Teambuilders submitted fraudulent claims during June 1998 that were paid by RGBH on a fee-for-service basis; (2) Teambuilders submitted false shadow claims to RGBH during the period July 1998 through May 2000 to "justify" and "increase" the sub-capitation rate; and (3) Teambuilders submitted false claims to third-party HMOs from July 2000 to the present, and thereby caused RGBH to receive lower risk-sharing payments from these HMOs.

A RICO claim predicated on mail fraud must plead the elements of that fraud with particularity under Rule 9(b). *Cayman,* 873 F.2d at 1362 . The purpose of particularity pleading is to give the defendants and the trial court "clear notice of the factual basis of the predicate acts."

---

[2] Plaintiff also alleges a RICO conspiracy, a violation of § 1962(d).

*Id.* Rule 9(b) is to be read in conjunction with the principle given in Rule 8 that pleadings be "simple, concise, and direct." *Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir. 1997)  Therefore, to survive a 9(b) challenge, "a complaint must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Id.* (internal quotations omitted).  Detailed evidentiary matter is not required, but pleadings must give adequate notice to each defendant of the fraudulent acts for which they are alleged to be responsible. *Id.*

The Court shall now consider each of Plaintiff's theories in light of the pleading requirement of Rule 9(b).

*1. Fraudulent Fee-For-Service Medical Claims*

General and conclusory allegations that false medical claims have been submitted are not sufficient to meet the requirements of Rule 9(b).  *See U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (dismissing portion of complaint alleging the submission of claims for services not medically necessary, as it was based solely on government statistical analyses and did not specifically identify any false claims submitted by defendants or physicians who referred patients for unnecessary services); *U.S. ex rel. Butler v. Magellan Health Services, Inc.*,  74 F.Supp.2d 1201 ( M.D.Fla., 1999) (holding that complaint fails particularity requirements by stating an overly broad time period for the fraud and failing to identify specific false claims or  persons particularly submitting false claims; plaintiff had benefit of extensive discovery in related state court case); *see also U.S. ex rel. Schwartz v. Coastal Healthcare  Group, Inc.*, 2000 WL 1595976, at *5 (10th Cir. Oct. 26, 2000)(unpublished

opinion, affirming district court dismissal of fraud complaint in which plaintiff failed to allege a particular time or place of submission of false claims, nor identity of specific physicians involved).

RGBH's complaint alleges the submission via the U.S. Postal Service of an indeterminate number of fraudulent fee-for-service claims for BMS services provided in June 1998. (Compl. ¶ 14). The claims are alleged to be fraudulent by virtue of the services not being provided at the required 1:1 staffing ratio. (Compl. ¶ 15). By inference, and by virtue of RGBH's prayer for relief, RGBH paid Teambuilders for these allegedly fraudulent claims.

RGBH has pled a specific time frame for this allegation, June 1998, and a specific allegation of fraudulent conduct. RGBH has not identified any individual false medical claims, nor has it described these claims in aggregate, for example by total number or dollar amount. In similar circumstances involving healthcare claims, two courts in the Tenth Circuit have held that specificity requirements may be relaxed when the claimed mail fraud has been perpetuated through a series of similar standardized documents and the content of the fraudulent statements has been adequately described. *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, 29 F. Supp. 2d 1253, 1263 (D.Kan. 1998); *U.S. ex rel. Semtner v. Medical Consultants, Inc.*, 170 F.R.D. 490, 498 (W.D.Okl. 1997).

Here, as in *VNA Plus* and *Semtner*, the pleadings give the defendant notice of the alleged misconduct with regard to the one month of fee-for-service claims sufficient to allow it to prepare a responsive pleading. As such, this aspect of the complaint would seem to meet the requirements of Rule 9(b). However, unlike the plaintiffs in *VNA Plus* and *Semtner*, RGBH was the recipient of the claims in question and therefore is in the position to plead facts with extreme particularity. *C.f., Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992) (holding that particularity requirements

may be relaxed when the "facts in question are peculiarly within the opposing party's knowledge"). If the complaint was not otherwise deficient in stating a valid RICO claim, the Court would be inclined to accept RGBH's pleadings as marginally sufficient to state a claim of fraud for the one period. However, because Plaintiff has additional detail within its knowledge, the Court expects to see greater particularity for this claim in the amended complaint, if one is filed.

2. *False Shadow Claims*

Second, RGBH alleges that Teambuilders submitted false shadow claims [3] to RGBH during the period July 1998 through May 2000 to "justify" and "increase" the sub-capitation rate. (Compl. ¶ 18). To serve as the basis of a civil RICO claim, an action must result in the plaintiff being injured in its property. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Although RGBH claims an intent on the part of Teambuilders to manipulate its capitation rate, RGBH has not alleged that it was induced by these activities to maintain or increase the rate. To the contrary, in its complaint, RGBH indicates that the continued submission of encounter claims showing a high intensity of service stimulated it to scrutinize the operations of its subcontractor. For this reason, the allegations relating to the submission of shadow claims do not state a valid RICO predicate.

---

[3] Shadow or encounter claims are documents submitted by the service provider to the payer to supply descriptive information on services that are being reimbursed through capitation. (Plaintiff's Brief, Doc.12, 9 n.2 and accompanying text.)

*3. Claims Sent to Third-Party HMOs*

RGBH alleges that Teambuilders submitted false claims via the U.S. mail to third-party HMOs from July 2000 to the present, and thereby caused RGBH to receive lower risk-sharing payments from these HMOs. (Comp. ¶ 35-37). This aspect of the complaint presents two issues: (1) the sufficiency of the pleading under Rule 9(b) and (2) the question of whether RGBH can assert a RICO claim based on fraudulent documents submitted to another party.

Plaintiff's allegations concerning fraud perpetrated on the third-party HMOs are vague, failing to even identify the supposed victims by name or the specific fraudulent content of the documents they received. Such deficiencies are beyond what might be excused even under the doctrine of relaxed particularity when some facts are outside the knowledge of the complaining party. *Compare VNA Plus*, 29 F. Supp. at 1263 (Rule 9(b) requirements satisfied by lengthy description of fraudulent misrepresentations made to identified governmental and other third-party health care payers) and *Semtner*, 170 F.R.D. at 497-98 (Rule 9(b) satisfied when fraud scheme described in "exacting detail" over 49 paragraphs in the complaint, including details of contractual relationships between the various parties and the specific billing codes used to perpetrate the fraud), *with Goren v. New Vision Int'l., Inc.*, 156 F.3d 721, 729 (7th Cir. 1998)(allegations of fraud perpetrated against third parties were insufficient when they failed to provide the names of the victims and other details). The Court finds that RGBH has failed to meet the particularity pleading requirements of Rule 9(b) with its claim that Teambuilders committed acts of mail fraud against the HMOs.

RGBH has not only tried to claim that Teambuilders perpetrated fraud on third-party victims, it has also attempted to use this claim as the basis for a RICO injury to itself. A civil

RICO claim may be based on an indirect injury, so long as it satisfies the requirements of proximate causation. *Khurana v. Innovative Health Care Systems*, 130 F.3d 143, 149-151 (5th Cir. 1997) a*brogated on other grounds by Beck v. Prupis*, 529 U.S. 494, 120 S. Ct 1608, 146 L.Ed.2d 561 (2000); *Israel Travel Advisory Serv. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1257 (7th Cir. 1995); *Mid Atl. Telecom v. Long Distance Serv., Inc.*, 18 F.3d 260, 263-64 (4th Cir. 1994). The proximate causation analysis in a RICO action is guided by factors such as the defendant's preconceived purpose, the foreseeability of the result, the presence of independent intervening causes, whether the defendant's acts are a substantial factor in the sequence of causation, and the directness of the causal connection. *Khurana* 130 F.3d at 148-49.

In *Khurana*, the plaintiff alleged that the defendants submitted fraudulent claims to third-party payers during the period that the defendants employed him as the Medical Director of their hospital. *Id.* at 150-51. Applying its test for proximate causation, the court found that damage to Dr. Khurana's professional reputation was a foreseeable indirect result of the fraud on third parties during this time period. *Id.* But the court did not find proximate causation as to an alleged injury arising from defendants' continued submission of fraudulent claims to third parties during a subsequent period in which Khurana operated a competing medical practice. *Id.* at 149. Khurana's theory was that he had lost business income when the defendants illegally serviced Medicare and Medicaid patients in the area, thereby depriving Khurana the opportunity to serve those patients. *Id.* But the court found that there were too many potentially intervening factors, such as the presence of other providers in the market, to find that defendants' conduct proximately caused loss to Khurana. *Id.*

There are some obvious parallels between the indirect injury disallowed in *Khurana* and the indirect, risk-sharing injuries alleged by RGBH. Similar to the reasoning in *Khurana*, this Court finds that RGBH's complaint lacks facts that might demonstrate that Teambuilders' activity was a substantial factor in determining RGBH's risk sharing payments. Thus, RGBH has not plead this theory of fraud with sufficient detail to sustain its claim of indirect injury.

*The Persons Implicated by Fraud*

To survive a rule 9(b) challenge, a complaint must state the "who, what, when, where, and how of the alleged fraud." *Williams v. WMX Tech., Inc.,* 112 F.3d 175, 179 (5th Cir.1997). Having considered the what, when, and how elements for each of the alleged courses of conduct, the Court now turns to the who. Throughout its complaint, RGBH attributes conduct to the corporate defendant Teambuilders Counseling Services, Inc. The individual defendants are implicated only by a general assertion that they "ratified and/or directed" the acts of the corporate defendant. (Compl. ¶ 41).

*The Corporate Defendant*

For the purposes of Rule 9(b)'s particularity requirements, RGBH's complaint is sufficient to state a fraud claim against the corporate defendant, Teambuilders Counseling Services, Inc.. *See Schwartz,* 124 F.3d at 1253, n. 6 and accompanying text (holding that the corporate defendant Celestial Seasonings was responsible for actions taken in the corporate name, and for the actions of individual defendants acting in their corporate capacity). However, Plaintiff is not alleging mere garden-variety fraud, but rather is attempting to make a civil RICO claim.

A civil RICO claim is created when a RICO "person" employed by or associated with a RICO enterprise commits predicate acts through its association with that enterprise. *Brannon*, 153 F.3d at 1146. The RICO person; i.e., defendant, may be a corporation. *Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1306 (7th Cir. 1987), cert. denied 109 S.Ct. 3241, 492 U.S. 917, 106 L.Ed.2d 588. However, because an entity cannot be employed by itself, a corporation may not be both a defendant and the enterprise in a Section 1962(c) RICO action. *Id.*; *Brannon*, 153 F.3d at 1146. A corporation may properly be a RICO defendant in some situations where it is illegally conducting the affairs of a parent corporation, and the latter is the RICO enterprise. *Brannon*, 153 F.3d at 1148-49. It may also be a RICO defendant when it is a participant in an association-in-fact enterprise comprised of itself and other, *unrelated* corporations and/or individuals. *E.g.*, *Gurfein v. Sovereign Group*, 826 F.Supp. 890, 914-15 (E.D.Pa. 1993).

RGBH has not specifically identified a RICO enterprise in its complaint. As discussed *infra*, the enterprise implied by the complaint is indistinguishable from the Teambuilders corporate entity. As such, RGBH's RICO complaint against Teambuilders Counseling Services, Inc. is barred by the requirement that the RICO defendant person be distinct from the RICO enterprise. *Brannon*, 153 F.3d at 1146. The Court further finds that, even in the alternative that Plaintiff amends its complaint to plead an enterprise distinct from the corporate defendant, the factual basis of this matter does not support the existence of an enterprise bigger than Teambuilders Counseling Services, Inc., that the corporate defendant might have been associated with or employed by. In other words, there are no other wrong-doing corporations or unrelated individuals available with whom Teambuilders might be alleged to have formed an association-in-

fact enterprise. Thus, Plaintiff's RICO complaint against corporate defendant Teambuilders Counseling Services, Inc. will be dismissed with prejudice.

*The Individual Defendants*

RGBH's complaint fails to identify any of the alleged fraudulent mailings to any of the individual defendants. From this pleading, it would not be possible for any of the individual defendants to be on notice of the fraudulent statements they are alleged to have made. *See Schwartz*, 124 F.3d at 1253. Indeed, allegations that misrepresentations were made at the direction or with the knowledge and consent of defendants as a group are generally insufficient to meet the notice requirements of Rule 9(b). *Vicom, Inc. v. Harbridge Merchant Serv., Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994).

However, in some situations, particularity requirements may be relaxed when the facts regarding the role of individual parties are not available outside of the opposing party's knowledge. The Tenth Circuit has allowed an exception for "group-published documents" such as annual reports that presumably reflect the collective action of corporate officers and directors. *Schwartz*, 124 F.3d at 1254. The Ninth Circuit, in allowing a similar exception, has noted that its use is limited to those persons who have control over the day-to-day operations of the entity issuing the allegedly false materials. *In re Glenfed, Inc.*, 60 F.3d 591, 593 (9th Cir. 1995)(group published documents presumption not applicable to outside directors, absent allegation that director participated in day-to-day operations).

These principles have been applied outside of the securities fraud context. In *Barry v. Petroleum Energy, Inc.*, 1989 WL 149069, at *4 (D. Kan.), the court sustained the portions of a

complaint that generally attributed fraudulent billing statements and invoices to individual defendants who were alleged to have direct management and control authority over the corporate defendant. *Petri v. Gatlin*, 997 F. Supp. 956, 974-75 (N.D. Ill., 1997), applied the group-published documents doctrine to sustain a RICO complaint against three corporate officers for their approval of marketing brochures containing allegedly misleading information.

Following *Schwartz* and the other group-published document cases, the Court finds that pleading requirements may only be relaxed when there is a reasonable presumption that the individual defendants had involvement and control over the contents of the documents. While it is possible such a presumption may be available for Shannon and Lorraine Freedle, identified as executives of Teambuilders Counseling Services, Inc., RGBH has failed to plead any specific facts connecting the Freedles to the mail fraud.[4] When facts are within the opposing parties' knowledge, a more general complaint may stand if the Plaintiff pleads allegations based on information and belief and further sets forth the factual basis for those allegations. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000). The Court does not find pleadings based on information and belief against the Freedles in the complaint, only extremely general assertions that they were part of a group that was aware of and ratified the misrepresentations.

Turning to the individual director defendants, we find nothing in RGBH's complaint that would lead to a presumption that they had involvement in the submission of healthcare claims or other day-to-day operations of Teambuilders. In fact, in the circumstances of outside, volunteer

---

[4]Plaintiff's brief in opposition to the motion to dismiss points out that exhibits attached to the complaint identify Shannon Freedle as the signer of the contracts which incorporate the "Program Profile." (Doc. 10, 10.) The Court notes, however, that Plaintiff's mail fraud allegations involve billings for individual mental health services; Plaintiff has never alleged transmission of the contract documents through the mail.

directors of a non-profit organization, the presumption is the opposite. *C.f. In re Glenfed*, 60 F.3d at 593 (stating this principle for outside directors of a for-profit corporation). A RICO charge is by its nature a serious accusation, implying participation in a criminal racketeering enterprise. The possibility for injury to a defendant's reputation argues against allowing a vague RICO claim to stand. *Cayman*, 873 F.2d at 1362. The court finds that Plaintiff has failed to adequately plead fraud against the individual director defendants.

**B.     Pattern of Racketeering**

As defined in the RICO statute, a pattern of racketeering activity consists of at least two predicate acts. 18 U.S.C. § 1961(5). However, while two acts are necessary, they may not be sufficient to establish a pattern of racketeering within the meaning of the RICO statute. *H. J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237 (1989). Establishing a pattern of racketeering requires a relationship between the predicates plus some indication that there is a threat of continuing activity (the "continuity" requirement). *Id.* at 239. Continuity, in turn, is demonstrated either by an open-ended course of criminal conduct, threatening continued danger into the future, or by a series of multiple acts occurring over a substantial, but closed period of time. *Id.* at 241-42. A series of predicate acts extending over a period lasting but a few months are insufficient to establish a pattern of racketeering under RICO. *Id.* at 242.

This court has found that Plaintiff's pleadings are insufficient to support claims of mail fraud outside of the one month period of June 1998, when RGBH alleges it paid fraudulent fee-

for-service claims submitted by Teambuilders.[5]  Activity occurring during such a limited period is not sufficient to meet the Supreme Court's test for establishing a pattern of racketeering.  *Id.*

However, the Supreme Court has stated that:  "The continuity requirement is likewise satisfied where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business." *Id.* at 243.   Thus, allegations of ongoing fraud against third-party victims can contribute to demonstrating a pattern of racketeering, in conjunction with acts of fraud directed against the plaintiff.  *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1543-45 (10th Cir. 1993).  In the case at bar, Plaintiff has alleged that Teambuilders has engaged in ongoing fraud against unspecified HMOs since  July 2000.  However, as plead in the complaint, the Court finds these allegations lack the particularity required by Rule 9(b) and therefore they cannot serve as a basis for finding a pattern of racketeering activity in conjunction with the June 1998 events.  *See Goren*, 156 F.3d at 729.

**C.	RICO Enterprise Allegations**

To state a civil RICO claim, the plaintiff must identify an enterprise through which the individual defendants acted. *Board of County Comm'rs of San Juan County v. Liberty Group*, 965 F.2d 879, 884-85 (10th Cir. 1992), *cert. denied,* 506 U.S. 918.  This enterprise must have an existence apart from the pattern of racketeering, must be an ongoing organization, and must function as a continuing unit as shown by a hierarchical or consensual decision-making structure.

---

[5]RGBH also alleged that it was harmed when the fraudulent June 1998 claims caused it to pay Teambuilders a higher sub-capitation rate during the period July 1998 through May 2000. (Compl. ¶¶ 14-17).  However, this extended period only goes to the calculation of damages, if any.  The acts of fraud underlying this part of the complaint have not been alleged to have occurred outside the limited period of June 1998.

*Calcasieu Marine Nat'l Bank v. Grant*, 943 F.2d 1453, 1461-62 (5th Cir. 1991); *see also Dirt Hogs Inc. v. Natural Gas Pipeline Co. of Am.*, 2000 WL 368411 (10th Cir. 2000).

RGBH's complaint fails to specifically describe a RICO enterprise. The acts of fraud alleged by RGBH occur by virtue of the defendants acting in their roles as officers and directors of Teambuilders. But the human components of a corporation, when engaged in their ordinary business activities, cannot constitute an association separate from the corporation itself. *Board of County Commissioners,* 965 F.2d at 886. Following *Board of County Comm'rs*, it is apparent that the only RICO enterprise or association pled by RGBH is identical to Teambuilders Counseling Services, Inc.

A legitimate corporate entity such as Teambuilders Counseling Services, Inc. can be deemed a RICO enterprise when it is the locus for a pattern of racketeering activity. *Sedima, S.P.R.L.*, 473 U.S. at 499-500. However, a valid civil RICO claim also requires a defendant "person" that is distinct from the RICO "enterprise." *Brannon,* 153 F.3d at 1146. When a corporate entity is alleged to be the RICO enterprise, it cannot also be a RICO defendant. *Board of County Commissioners*, 965 F.2d at 886. For this reason, RGBH has not stated a valid RICO claim against the corporate defendant Teambuilders Counseling Services, Inc. Furthermore, as discussed earlier, the Court sees no possibility that Plaintiff could amend its complaint to identify any enterprise under which Teambuilders could stand as a permissible RICO defendant.

In these circumstances, it is still possible for a plaintiff to sustain a civil RICO claim against individual corporate officers for their conduct of a pattern of racketeering activity through the corporate enterprise. *See Board of County Comm'rs*, 965 F.3d at 886 (leaving employee subject to RICO claim, while holding that distinction between corporate entity and RICO

enterprise had not been proven); *see also Khurana*, 130 F.3d at 156 (collecting cases). However, at this time, RGBH has not sufficiently plead fraud against any of the individual defendants in this case to sustain a RICO action.

**Conclusion**

At best, in its original complaint RGBH has sufficiently pled the commission of an indeterminate number of predicate acts of mail fraud occurring within a one-month time period by the corporate defendant Teambuilders Counseling Services, Inc. RGBH has therefore failed to plead a valid civil RICO complaint in that (1) it has not pled a pattern of racketeering activity and (2) it has not pled with sufficiency any acts of fraud by an allowable RICO defendant. Furthermore, under any construction of the circumstances described in the complaint, a RICO claim will be barred against the corporate defendant.

Plaintiff has requested leave to amend its complaint. Such leave shall be freely granted when not contrary to the interests of justice. Fed. R. Civ. Pro. 15(a). The Court will grant the Plaintiff the opportunity to amend its complaint, if it is able, to state a valid RICO complaint against any or all of the individual defendants. Should Plaintiff fail to submit a sufficient complaint establishing subject matter jurisdiction in this Court over the matter within 30 days of this order, this case will be dismissed.

In deciding whether to submit an amended complaint, counsel for Plaintiff should keep in mind that as currently alleged, this matter appears to be no more than a garden-variety fraud case. This court is not generally in favor of issuing sanctions. The Court recently did so, however, against an attorney who, after being warned that his case did not appear to satisfy the

requirements of RICO, submitted an amended complaint which again failed to allege a valid RICO claim. *Martinez v. Martinez*, __ F.Supp.2d ___, 01CV00036 (D.N.M. 2002). Counsel must be able to allege, in good faith, all of the required elements of a RICO claim against each defendant who is named as a RICO defendant.

## ORDER

A Memorandum Opinion having been issued in this case, it is hereby ORDERED as follows: Defendants' motion to dismiss (Doc. 10) is GRANTED IN PART with respect to Defendant Teambuilders Counseling Services, Inc. Plaintiff is granted leave to amend its complaint against the remaining defendants, subject to the condition that it must submit an amended complaint sufficient to state a federal cause of action within 30 days of this order, or the case will be dismissed.

Dated this 2nd day of July, 2001.

_____
BRUCE D. BLACK
United States District Judge

**ATTORNEYS:**

**For Plaintiff:**
Joyce A. Montes
Caralyn Banks

**For Defendants:**
Geoffrey D. Rieder
Wayne R. Suggett